IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT IOWA DIVISION

FILED
ROCK ISLAND, IL

2004 MAR 22  P 3: 51

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOHN A BROWNER | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|    v. | )   COMPLAINT |
| | ) |
| CHARLES RUHL JR. | ) |
| RUHL DEVELOPMENT LLC | ) |
| RUHL AND RUHL REALTORS INC. | ) |
| CAVITY COMPAY LLC | ) |
| KAIZEN COMPANY OF AMERICA L.C. | ) |
| KENT M. PILCHER | ) |
| CAROLINE RUHL | ) |
| PATRICK W. DRISCOLL | ) |
| STANLEY,LANDE&HUNTER | ) |
| CURTIS E BEASON | ) |
| MICHAEL BYRNE | ) |
| MICHAEL NOYES | ) |
| LANE AND WATERMAN | ) |
| QUAD CITY BANK AND TRUST | ) |
| QCR HOLDING COMPANY | ) |
| DOUG HOLQUIST | ) |
| MIKE BAUER | ) |
| JOHN S GOSMA | ) |
| SHIVE-HATTERY | ) |
| TREIBER CONSTRUCTION | ) |
| GARY HAYWARD | ) |
| US DEPARTMENT OF JUSTICE | ) |
| FRYE DEVELOPMENT CORP | ) |
| KAREN FIZSIMMONS | ) |
| JOHN NEUBERGER | ) |
| R.CLAY THOMPSON | ) |
| CITY OF DAVENPORT | ) |
| Gary Koos Law firm | ) |
| William Stengle Law firm | ) |
| Frye Development Corp | ) |
| Davenport Police Department | ) |
| Giganti Development | ) |
| Bill Fennelly | ) |

3. 04CV80035

Scanned

1.

Davenport Fire Department                              )
Nepple Van Der Kamp                                    )
Scott County Treasurer office                          )
Borad of Professional eithics and conduct              )
Scott County Board of Supervisors                      )
Public works of Department of Davenport Iowa           )
Nicholas R. Doenges                                    )
City of Davenport Legal Department                     )
Illinois Stock transfer Company                        )
US Department of Education                             )
Richard Mc Donnell                                     )
City Engineer of Davenport Iowa                        )
City of Davenport plan and zoning                      )
Board of review City of Davenport                      )
Bill Davis                                             )
Rita Vargus                                            )
John Neuberger                                         )

     Defendants                                   )

---

     COMES NOW John A. Browner Pro se file his complaint against the defendants and

states as follows in the name of justice for plaintiff.

1. State here a briefly as possible the facts of your case, what the defendants personally did

or fail to do resulted in harm to you.

2. On or about October 5, 1994 Mr. Charles Ruhl Jr. a licensed agent of Ruhl and Ruhl

Realtors Inc. and president of Ruhl Development knock on my door at 4508 Brady Street

with a purchase agreement for Ruhl Development plaintiff real property was not listed

Ruhl and Ruhl Realtors Inc. for sale, therefore illegal to receive a commission,

Ruhl and Ruhl Realtors Inc. claim they received $15.000.00 commission from

Kaizen attorney Patrick W. Driscoll on June on or about June 18, 1995.

3. On October 5, 1994 plaintiff and his wife Shirley A. Browner was presented a offer to

purchase agreement with Ruhl Development LLC and the president Charles Ruhl Jr
and purchaser for Ruhl Development LLC.

as agent for Ruhl and Ruhl Realtors Inc. Mr. Ruhl Jr. stated he deposited a check of

$1000.00 earnest money in Ruhl and Ruhl Realtors Inc. trust account to hold the property

Mr. Ruhl Jr. demanded 7% commission for him to purchase plaintiff property, which was

illegal Mr. Ruhl Jr. to receive a commission.

4. On October Mr. Ruhl Jr. purchaser for Ruhl Development LLC offer an Addendum

for 1031 exchange of property, per written agreement #42087 dated October 10, 1994.

5. Mr. Ruhl Jr. for Ruhl Development refused to perform the purchase agreement #42087

1031 exchange, signed  Dr. John A. Browner and Shirley A. Browner and Charles Ruhl

Jr. for Ruhl Development Mr. Ruhl Jr. refused to perform the written agreement.

6. Mr. Ruhl Jr. devise a scheme to steal plaintiff real property Lot 1 in Dardis Addition to

the City of Davenport Iowa 4508 Brady Street.

7. Plaintiff hired Patrick W. Driscoll of Stanley,Lande&Hunter October 5, 1994

to close the purchase agreement #42087 1031 exchange agreement which he failed to do.

8. On March 28 1995 Mr. Driscoll violated his fiduciary duty to his clients plaintiff and

his wife and started working for Kaizen Company of America L.C. without the knowledge

nor consent of his clients, plaintiff.

9. Mr. Driscoll and Mr. Curtis E. Beason are both involved in a forgery of a warranty

deed dated March 28 1995 plaintiff John A. Browner did not sign the deed dated

March 28 1995 and notarized by Patrick W. Driscoll false notary act.

10. Patrick W. Driscoll and Mr. Ruhl Jr. for Ruhl Development has never closed the

written contact #42087 dated October 5, and 10 1994.

11. Mr. Ruhl Jr. and Caroline Ruhl and Curtis E. Beason and Mary Ruhl owned property adjacent to plaintiff real property, and they needed plaintiff property to for a subdivision called Lot 1 Quad City bank Addition to the City of Davenport Iowa and sell the subdivision for a profit, on or about February 18, 1995 defendants Quit Claim deed to Kaizen Company of America L.C. Lot 9 46 Street 2nd Addition to the City of Davenport Iowa.

12. On November 27 1995 Kaizen hired Shive-Hattery to survey and they just combine plaintiff property Lot 1 in Dards Addition to the City of Davenport Iowa to Lot 9 46 Street 2nd Addition to the City of Davenport Iowa this is stealing by changing the boundary lines.

13. There has never been any agreement with plaintiff to sell his real property to Kaizen Company of America L.C. just fraud Kaizen has no contract with the plaintiff to purchase Lot 1 in Dardis Addition to the City of Davenport Iowa just fraud. upon the Scott County District Court and Iowa Court of Appeals 1999.

14. Mr. Ruhl Jr. and Kaizen Company of America and Cavity Company stated plaintiff forfeited an real estate sale installment contract in court July 3, 1997 there was no real estate installment contract in place to forfeit by plaintiff with Cavity Company and Kaizen just fraud upon the court.

15. Mr. Ruhl Jr. through his attorneys Lane and Waterman and Michael Byrne and Curtis E. Beason propertied fraud upon the court plaintiff did not have a real estate contract to forfeit, and Kaizen and Cavity company.

16. Gary Koos cannot account for $18.500.00 deposited his trust account on or about

4

March 31, 1997, he himself stated there was no real estate installment contract in place to forfeit, he and Lane and Waterman stole $18,500.00 from plaintiff.

17. Plaintiff hired William Stengle to represent plaintiff there was no real estate installment contract in place to forfeit, January 28, 1998 Mr. Stengle stated there was no installment contact dated March 28 1995 and at the court hearing Mr. Stengle stated he was in conflict of interest and could not file a resistance, but he allowed a fraudulent ruling against plaintiff January 28 1998.

18. The scheme Mr. Ruhl Jr. had was to say he deeded Lot 5 and 6 46 Street to the City of Davenport Iowa to plaintiff and his wife and plaintiff took out a installment loan and plaintiff forfeited the installment contract is false Mr. Ruhl Jr. never closed the purchase agreement he illegally combine plaintiff real property with his property on November 27 1995.

19. Kaizen  defaulted on the development agreement dated March 28 1995.

20. Shive-Hattery illegally recorded a final plat Lot 1 Quad City Bank Addition to the City of Davenport Iowa which included Lot 1 in Dardis Addition to the City of Davenport Iowa. Kaizen Company of America L.C. does not own plaintiff real property.

21. Kaizen Company of America L.C. fraud upon the court stating plaintiff had a real estate contract with Kaizen Company of America L.C. January 28 1998 there is no contract with Kaizen Company of America L.C. to purchase Lot 1 in Dardis Addition to the City of Davenport Iowa.

22. Quad City Bank and Trust, through Mike Bauer and Doug Holquist, Michael Noyes and John S. Gosma knew or should have known Mr. Ruhl Jr. and Mr. Driscoll had not

closed the purchase agreement #42087 with plaintiff and all Mr. Ruhl Jr did was change

the boundary lines and had not purchased Lot 1 in dardis Addition to the City of

Davenport Iowa. The Quad City Bank and Trust through its agents are illegally occupying

plaintiff real property.

23. Caroline Ruhl and Mary Ruhl and Charles Ruhl Jr. and Curtis E. Beason just had the

boundary lines changed and illegal included Lot 1 in Dardis Addition to the City of

Davenport Iowa. did not purchase the real property from plaintiff.

24. The Scott County Auditor office Karen Fitzimmons would not allow the subdivision

land title Lot 1 Quad City bank Addition to the City of Davenport Iowa to be recorded

in the land title in Scott County because Kaizen Company of America L.C. did not

own Lot 1 in Dardis Addition to the City of Davenport Iowa.

Mrs. Fitzsimmons is a party to hiding tax records to Lot 1 in Dardis Addition to the City

Davenport Iowa from plaintiff from 1995 to 2004, it appears to help Charles Ruhl Jr.

scheme to steal plaintiff real property.

25. On August 9, 2002 Mr. Fitzsimmons transferred a Quit Claim deed from Shirley A.

Browner to son Brent A. Browner and plaintiff recorded a mortgage for child support

against the real property Lot 1 in dardis Addition to the City of Davenport Iowa.

26. QCRHolding purchase the property Lot 1 Quad City Bank Addition to the City of

Davenport Iowa but could not recorded the land title in public records in Scott County.

27. Michael Byrne purportrated fraud upon the court January 28 1998 he stated the

the warranty deed had not been recorded dated March 29 1995 which in fact Mr. Curtis

E. Beason had recorded the false, forged warranty deed in October 30 1995

The warranty deed dated March 28 1995 was canceled by plaintiff March 29 1995

because of fraud by Mr. Patrick W. Driscoll.

28. The false,forged warranty deed recorded October 30 1995 doe not have Patrick W Driscoll notary seal the notary seal is someone else's not Patrick W. Driscoll notary seal. which is fraud.

29. On March 8, 2004 made a secret deal with Gary Hayward of the US. Justice Department to pay plaintiff student loan without telling plaintiff about the illegal transaction to help in the fraud to steal plaintiff real property, the US department of justice went along with the fraud to steal plaintiff real property March 8, 2004.

30. Treiber Construction Company in June 27 1995, the Quad City Bank and Trust stated they were the owner of Lot 1 in Dardis Addition to the City of Davenport Iowa and demolished plaintiff residence at 4508 Brady Street Quad City Bank and Trust did not own plaintiff real property, and does not own plaintiff real property they are illegally occupying plaintiff real property keeping from the use the property.

31. Mr. Ruhl Jr. form a Company called Cavity Company November 27 1995 to shield Ruhl and Ruhl Realtors Inc. and Ruhl Development LLC and Kaizen Company of America L.C. from the fraud upon the court.

32. Kent M. Pilcher stated to the court he signed for the commission for Ruhl and Ruhl Realtors and Charles Ruhl Jr. Kent M. Pilcher is not a licensed agent to receive a commission fraud upon the court.

33. The fact is Charles Ruhl Jr. purchaser for Ruhl development LLC did not close the real estate transaction with plaintiff and his wife he just changed boundary lines and added plaintiff real property his property. and tried to sell to Quad City Bank and Trust he is a member of the Board of Directors of Quad City Bank and Trust and developer.

Mr. Ruhl Jr. clearly has not purchased plaintiff real property he just trying to steal the

property, this is just stealing real property using his influence and money.

34. Mr. Ruhl Jr. and his attorney Curtis E. Beason fraud upon the Scott County District

Court plaintiff did not have any contract with Kaizen Company of America L.C. to sell

Lot 1 in Dardis Addition to the City of Davenport Iowa 4508 Brady Street.

Kaizen cannot produce any contract.


35 Ruhl and Ruhl Realtors Inc. Trust account cannot account for the earnest money of

$1000.00 deposited October 5, 1994, and plaintiff just learn Mr. Ruhl Jr. did not

deposit a check for $1000.00 in Ruhl and Ruhl Realtors Trust Account October

5, 1994.

36 The City of Davenport gave Kaizen Company of America L.C. an illegal permits to

build a building on land which the land title has not been recorded in Scott County

recorder office as of 2004

37. Michael Noes stated there was no liens against Lot 1 in Dardis Addition to the City

of Davenport Iowa, certificate June 6, 1996 which is false.

38. Stanley,Lande&Hunter never filed a 1099s with the Internal Revenue Service

because Mr. Driscoll never close the real estate transaction dated October 5, and October

10 1994 with Ruhl Development, Mr. Driscoll had a duty not to draw up a warranty

deed that does not match the written contract dated October 5, 1994 the contract dictate

the working of the deed, Mr. Driscoll did not notarized John A. Browner signature

because John A. Browner did not sign the Warranty deed dated March 28. 1995

this is fraud.

39. QCR Holding Company of Moline is illegally occupying Lot 1 in Dardis Addition to the City of Davenport Iowa, and fraud upon the court August 18, 2003

Mike Bauer and Charles Ruhl Jr. John Neuberger contempt of court August 14, 2003 refuse to attend a pretrial hearing when ordered by the court to attend.

Mr. Ruhl Jr. has used his influence and money to corrupt others.

40. Quad City Bank and Trust stated that 4500 Brady Street land title was recorded which clearly there is no land title recorded to this property, August 18, 2993 fraud

42. Bill Davis Scott County Attorney violated a court order to attend a pretrial hearing he refuse to attend the hearing dated August 14. 2003.

43. Mr. Davis refused to allow plaintiff John A. Browner motion to obtain legal counsel in a criminal trial, he allowed others to present false document upon the court

Mr. Davis nor any representatives attended the hearing with a jury trial August 18, 2003

Mr. Davis denied plaintiff due process he used a law student Jennifer Olson and she perjury herself and other witnesses.

45. John Neuberger for Quad City Bank and Trust refused to attend pretrial conference August 14. 2003 nor did Charles Ruhl Jr. nor did Mike Bauer attend the pretrial conference on August 14, 2003 when the court order them to attend contempt of court.

46. Bill Fennelly Scott County Treasurer hiding public tax records on Lot 1 in Dardis Addition to the City of Davenport Iowa help other steal plaintiff real property from 1995 to 2004.

47. Rita Vargus Scott County Recorder, admitted the Land title to Lot 1 Quad City Bank Addition to the City of Davenport Iowa had not been recorded as of 2004.

48. City Engineer of Davenport Iowa illegally allow Kaizen Company of America L.C. to obtain illegal permits to build a building on Lot 1 Quad City Bank Addition to the City of Davenport Iowa without the land title being recorded June 1995

49. Illinois Stock Transfer Company allow Quad City Bank and Trust and QCRHolding company to use Lot 1 in Dardis Addition to the City of Davenport as assets of these defendants when they do not own Lot 1 in dardis Addition to the City of Davenport Iowa.

50. Richard Mc Donnell the money of $18,500.00 was returned to you by Lane and Waterman and you have an illegal judgment against plaintiff 1998.

51. City of Davenport Iowa legal department presented a forgery deed dated March in court on as evidence Kaizen Company of America L.C. had a written contract with plaintiff to purchase Lot 1 in dardis Addition to the City of Davenport Iowa you knew this was false, then you stated Lot 1 in Dardis Addition to the City of Davenport Iowa was split in 1995 and no longer exists for taxation.

52. Nicholas R. Doenges stated Lot 1 in Dardis Addition to the City of Davenport Iowa did not exists for taxation 2001, fraud.

53. City of Davenport Iowa public works allowed Kaizen to receive false permits to build a building on land which no land title was recorded Lot 1 Quad City Bank Addition to the City of Davenport Iowa fraud.

54. Scott County Board of Supervisor refuse to investigate the fraud by Charles Ruhl Jr. upon Scott County 1998

55. Board of professional ethic and conduct refuse to do a complete investigation of the Patrick W. Drsicoll, Curtis E. Beason, Gary Koos you would have found out they were not telling the truth concerning plaintiff complaint of fraud, this could have

been prevented with an investigation.

56. Sam Giganti refused to complete the office and residence because it was in violation of fire code of City of Davenport Iowa.

57. City Planning and Zoning city of Davenport Iowa did not require Kaizen Company of America to own all property in the subdivision Lot 1 Quad City of Davenport Iowa.

58. R. Clay Thompson knowing filed a false affidavit May 1997 fraud upon the court there was no real estate sale installment in place to forfeit.

59. Davenport fire department fire inspection on Lot 5 and 6 46 Street 2nd Addition to the City of Davenport 4425 Welcome Way.

60. Nepple Van Der Kamp and Flynn allowed Patrick W. Driscoll to deposited money in your trust account and you split off from Stanley,Lande&Hunter 1992, Mr. Drsicoll deposited the money November on or about November 16, 1995

61. US Department of Education refuse to gave plaintiff his loan balance 2003 student loan.

62. Frye Development Corp refuse to finish the combine office and residence building as per agreement March 28 1995

63. Davenport Police Department filed a false police report May 2003 against plaintiff he was not on Lot 1 in Dardis Addition to the City of Davenport Iowa, there is no 4500 Brady Street by public records.

64. R. Clay Thompson produce a false affidavit to the court July 3, 1997 there was no forfeiture of a real installment contract if there was must be recorded Iowa Code 558.46.

//

If you know Briefly state what specific law of constitutional provision defendant

violated.
1. Due process, taking of real property without due process.
2. Contract Clause
3. Violation of 6th Amendment
4. violation of 4th Amendment

RELIEF

State briefly exactly what you want the court to do for you

1. Make plaintiff whole
2. Demand for jury trial
3. appoint an attorney for plaintiff
4. Injunction
5. Order the original of the Recorded Warranty Deed March 28 1995 for inspection of the notary seal affixed

signed this date of  March 18, 2004

John A. Browner
308 A West 52nd Street
Davenport Iowa 52806
563 386 3879

*Byron's Copies*

**R** REALTOR®

AGREEMENT TO PURCHASE REAL ESTATE
for use only by Members of the
GREATER DAVENPORT BOARD OF REALTORS®
THIS IS A LEGALLY BINDING CONTRACT

42087



Date __October 5, 1994__

To __Dr. John A. and Shirley A. Browner__ _____, (Seller)

The undersigned (Purchaser), __Ruhl Development Company, LLC__ _____ hereby offers to purchase for

the total sum of $ __See Addendum A__ the real estate located at __4508 North Brady Street, Davenport, Iowa__

and described as follows: __consisting of 33,461 square feet, more or less, as shown on Exhibit A__

upon the following terms and conditions:

(a) SALE SUBJECT TO FINANCING: This Agreement is subject to the Purchaser obtaining _____
loan commitment on the subject property in the amount of $ _____ at an interest rate not to exceed _____ %
for a period of not less than _____ years. Purchaser shall be given until _____ to obtain such commitment for financing.
If, after making reasonable efforts to obtain such a loan, Purchaser is unable to secure such financing, this offer shall become void. Purchaser shall
make application for such financing within _____ days after this agreement has been finally accepted by both parties.

(b) CASH by payment of the sum of $ _____ , in the form of _____ cash _____ check, submitted herewith, to be held in
trust by _____ and the balance of the purchase price upon delivery of a Warranty Deed as hereinafter
provided.

(c) CONTRACT by payment of the sum of $ _____ in the form of _____ cash _____ check, submitted herewith, to be held in
trust by _____ and $ _____ upon the execution of a formal contract in which Purchaser
agrees to pay the remaining balance of $ _____ at the rate of $ _____ or more per month (interest in addition)
(including interest) until the entire purchase price together with interest at _____ % per annum is paid in full.

(d) THE EARNEST MONEY of $ __1,000.00__ in the form of _____ cash __X__ check, submitted herewith and held in
trust by __Ruhl & Ruhl Realtors, Inc.__ is part of the cash at closing. In the event any contingency is not met by the date contained in
such contingency, the Seller recognizes the earnest money will be returned to the Purchaser and this agreement shall be void. By Iowa law, if there is an
unresolved dispute over any contingency, the Broker must hold the earnest money and not disburse except by the provisions of the law. Seller and
Purchaser agree to indemnify, defend and hold harmless the escrow agent from and against any and all liabilities and claims arising out of the duties as
escrow agent.

(e) OTHER TERMS __See Addendum and Exhibits A and B.__ _____
_____
_____
_____
_____

1. Seller shall furnish to Purchaser satisfactory evidence of title in conformity with this agreement, land title law of the State of Iowa, and in accord
with the title standards of the Iowa and Scott County Bar Associations. Title shall be made free and clear of all liens and encumbrances not herein
specifically waived or agreed to be assumed by Purchaser. The conveyance of title shall be by way of Warranty Deed. Seller's Abstract of Title shall be
submitted to Purchaser's Attorney for examination as soon after this date as is reasonably possible. Any objections to title raised by Purchaser's
Attorney shall be made in writing as soon thereafter as is reasonably possible, so that the same may be cured on or before date of closing.

2. Closing shall be on or before __April 30__ , 19 __95__ . Possession shall be given __at closing__ .

3. All real estate taxes shall be paid or prorated between Purchaser and Seller to the date of __closing__ in accordance with
standards adopted by the Scott County Bar Association.

4. Special assessments to be levied for improvements completed, or where NOTICE or RESOLUTION for improvements is in effect previous to the
date here of yet levied, shall be paid by Seller, except _____

5. ~~Seller warrants that the heating and air conditioning systems, plumbing and electrical systems and all other mechanical equipment included as part~~
~~of the purchase price, will be in working order as of date of possession, with the following exceptions:~~

The Purchaser or his authorized agent shall be permitted to make an inspection of the property prior to possession or closing, whichever is sooner. Seller
shall deliver the property in the same condition as of the date of the agreement.

6. ~~Wood infestation inspection: This agreement is subject to a wood infestation inspection of the subject property by a licensed pest control agency,~~
~~to be paid for by the _____ if active infestation or damage due to prior infestation is discovered. Seller shall~~
~~have the option of either having the property treated for infestation by a licensed pest exterminator and having any damage repaired or declaring this~~
~~agreement void.~~

7. ~~All personal property that integrally belongs to or is a part of the real estate, whether attached or detached, such as light fixtures, window shades,~~
~~blinds, rods, brackets, awnings, storm windows and doors, window, door and porch screens, permanently installed floor coverings, permanently installed~~
~~heating and cooling equipment, garage door openers and transmitters, outside television towers and antennas, fencing, trees, shrubs, plants and all~~
~~other fixtures shall be considered a part of the real estate included in this sale, except:~~

8. If Purchaser herein fails to fulfill this agreement after the same has been accepted by Seller, Purchaser shall pay Seller, as liquidated damages, a
sum equal to the amount of the real estate brokerage fee, reasonable attorney's fees, loss of rent, and any additional expenses incurred by Seller
because of Purchaser's failure to perform and the earnest money herein shall be forfeited to the extent of, or to apply on, such damages.

9. It is further agreed that if Seller fails to fulfill this agreement after acceptance, Seller will pay the real estate brokerage fee in full.

10. Seller shall maintain existing insurance until closing. Purchaser may purchase additional insurance.

11. It is understood that no representations made by the Broker or Salesperson in the negotiation of this sale are being relied upon unless incorporated herein in writing. Broker and Salesperson make no representations or warranties either express or implied as to the physical or mechanical condition of the property either real or personal.

12. Parties acknowledge that AGENCY disclosures have been made and signed prior to signing of this purchase agreement. The Broker, the Broker's agents, employees, and associates must respond to all questions of the parties accurately and honestly and must disclose all MATERIAL DEFECTS about which they have knowledge, but are not required to discover hidden defects in the property or give advice on matters outside the scope of their real estate license.

13. If this agreement is not accepted by Seller on or before __upon presentation__ , it shall become null and void and the earnest money made herewith shall be repaid to Purchaser without liability on the part of the Broker or Salesperson to either party.

14. Purchaser grants/does not grant permission for a credit report.

15. Seller hereby agrees to pay a brokerage fee to the listing broker as per the listing contract. __Ruhl & Ruhl Realtors, Inc. to the__
__amount of seven percent of sale price to be paid in full at closing.__
__Ruhl & Ruhl of Davenport, Iowa.__

Member - Greater Davenport Board of REALTORS® | Salesperson - Signature

PURCHASER __Ruhl Development Company, LLC__ | PURCHASER By: _____

Social Security # Tax ID No. __42-1415600__ | Social Security # __President__

hereby accept the foregoing agreement this __5__ day of __October__ , 19 __94__

SELLER __John A. Browner__ | SELLER _____

In reference to the purchase agreement covering the real property commonly known as 4508 North Brady Street, Davenport, Iowa, as shown on Exhibit A, dated October 5, 1994 between Dr. John A. and Shirley A. Browner (Seller) and Ruhl Development Company, LLC (Purchaser), the undersigned Parties hereby agree as follows:

Subject property shall include the entire parcel totaling approximately 33,461 square feet and all improvements thereon, including house and garage outlined in yellow on Exhibit A. The purchase price shall be $225,000 less $160,000 for a 1,500 square foot office building to be constructed by Ruhl Development on Lots 5 and 6 of the 46th Street Addition in Davenport, Iowa. Ruhl Development, or its assigns, agrees to cooperate with Seller in a 1031 Exchange for the new office property if requested. The office building to be constructed will be a ranch design with a full basement and exposed lower level (unfinished) to be constructed in a quality and workmanlike manner, and finished to include all exterior improvements, landscape, drives and parking, and interior improvements including painted dry-wall walls, bathroom, standard floor coverings, heating, air conditioning, and electrical lighting and outlets to city code. Ruhl Development shall not be responsible for any dental equipment, fixtures, or special plumbing required for Dr. Browner's intended use. Plans and specifications are subject to Dr. Browner's approval, which shall not be unreasonably withheld. Formal plans and specifications will be provided to Dr. Browner approximately thirty (30) days from notice by Purchaser that Purchaser elects to go forward with the purchase. Possession will be given to Purchaser at closing and at such time when the new office building to be developed is substantially completed.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned purchase agreement.

PURCHASER:

RUHL DEVELOPMENT COMPANY, LLC

By: _____
    Charles A. Ruhl, Jr., President
Date: _____10-6-94_____

SELLER:

DR. JOHN A. BROWNER

By: _____
Date: _____10-10-94_____

SHIRLEY A. BROWNER

By: _____
Date: _____10-10-94_____



EXHIBIT A

Identified as #42087

**ADDENDUM B**

In reference to the purchase agreement covering the real property commonly known as 4508 North Brady Street, Davenport, Iowa, as shown on Exhibit A, dated October 5, 1994 between Dr. John A. and Shirley A. Browner (Seller) and Ruhl Development Company, LLC (Purchaser), the undersigned Parties hereby agree as follows:

1.  Seller acknowledges that Purchaser has disclosed he is a licensed real estate broker in the states of Iowa and Illinois.

2.  This agreement is expressly conditional to Purchaser securing a commitment from an identified party for a building to be developed on subject property. In the event such commitment is not received on or before sixty (45) days from acceptance of this agreement, Purchaser, at its option, can cancel its obligations of this purchase and this agreement shall become null and void and the earnest money shall be refunded to Purchaser.

3.  Seller agrees, upon acceptance of this agreement, to immediately order an abstract continuation for subject property at Seller's expense and deliver continued abstract to Purchaser. Upon Purchaser's receipt of the continued abstract, Purchaser shall order a title opinion at Purchaser's expense from a recognized Iowa attorney. If in the event the title opinion discloses any encumbrances, easements, or other Purchaser objections, Seller shall provide written notice to Seller. The Seller shall have thirty (30) days after written receipt of written objections to correct any objections to the title. If such objections cannot be cured by Seller within thirty (30) days, Purchaser may elect to terminate this agreement and the earnest money shall be refunded to Purchaser.

4.  The Seller grants to the Purchaser and its agents the right to enter upon the Property at any reasonable time for any lawful purpose, including but not limited to making land surveys, engineering studies, environmental tests, soil tests and any other test, study or inspection at the sole cost and expense of Purchaser in connection with the proposed commercial development of the Property. Such right of entry shall be exercised in a reasonable manner, and the Purchaser hereby agrees to indemnify and hold Seller harmless from all costs, expenses and damages, by reason of such entry. Any existing survey in Seller's possession shall be furnished to Purchaser within ten (10) days of the signing of this agreement.

5.  This agreement is expressly conditioned upon zoning, platting and plan approval of the Property for Purchaser's intended use satisfactory to the Purchaser. If subject property is presently not zoned for Purchaser's intended use, Seller shall sign an application to have the Property plan approved and rezoned for retail and office use. Seller shall cooperate with Purchaser in securing any needed rezoning, plan approval or permits, and in processing to completion the application and all documents relating thereto. The application shall be made in the name of Seller and Purchaser or as otherwise required under the applicable governing ordinance or regulation. Purchaser shall select the attorney, land planner, engineer, architect or other representative to prepare and present the zoning plan and building permit application and to present the same at all hearings. All expenses, fees and costs to secure such zoning shall be paid by Purchaser. Both Seller and Purchaser agree that the Purchaser's attorney may represent both parties for such zoning hearings, provided Seller approves Purchaser's selection of attorney.

6.  In the event Purchaser finds soil conditions, environmental conditions, vehicular access, availability of utilities, municipal approvals, or any other conditions unsuitable for Purchaser's intended development, Purchaser, at its option, can terminate this agreement on or before closing and the earnest money shall be refunded to Purchaser.

7.  See Exhibit B.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned purchase agreement.

PURCHASER:                                      SELLER:

RUHL DEVELOPMENT COMPANY, LLC                   DR. JOHN A. BROWNER

By: _Charles A. Ruhl_                           By: _Dr. John A Browner_
    Charles A. Ruhl, Jr., President
Date: _10-6-94_                                 Date: _10-10-94_

                                                SHIRLEY A. BROWNER

                                                By: _Shirley J Browner_
                                                Date: _10-10-94_

**EXHIBIT B**

**WARRANTIES AND COVENANTS**

A.  Seller represents, covenants and warrants that:

1.  There are, and will be at time of closing, no leases, tenancies, contracts or agreements in effect with respect to the Property.

2.  To the best of Seller's knowledge and belief, there are no condemnation proceedings pending or contemplated which would affect all or any portion of the Property.

3.  The Property has never been used to generate, manufacture, refine, transport, treat, produce, store, handle, transfer, process, transport or dispose of "Hazardous Material or Substances" or "Hazardous Waste" or "Substances Hazardous to the Environment" as terms are defined in the U.S.C. Section 9601 et seq., or other applicable state or federal laws or regulations. The Property has never been used as a landfill, dumping ground nor like repository. There are no underground storage tanks on the Property.

4.  The Property has open and unobstructed legal access through approved curb cuts at grade level over land owned in fee to and from Brady Street for vehicular ingress and egress.

5.  Seller owns the Property in fee simple absolute and has full power to sell and convey the Property in accordance with the terms and conditions of this Agreement.

6.  The signatory hereof executes this Agreement as a duly authorized officer of Seller and has all necessary and appropriate authority to enter into and complete this transaction.

B.  Seller hereby covenants to Purchaser, from and after the date hereof, as follows:

1.  Seller will neither execute any new lease or modify any existing lease without Purchaser's prior written consent.

2.  Seller will keep the Property fully insured against casualty and public liability.

Purchaser
Seller

**RUHL & RUHL REALTORS, INC. • COMMERCIAL • INDUSTRIAL • INVESTMENT • PROPERTY MANAGEMENT**
Established 1862
PUTNAM BUILDING
130 WEST SECOND STREET
DAVENPORT, IOWA 52801
319/323-0123 FAX 319/324-3530

<u>MEMO</u>

TO:        Byron Nelson

FROM:      Chuck Ruhl, Jr.

DATE:      December 7, 1995

RE:        Dr. Browner Transaction

I am happy to provide to you the check representing 50% of the Browner commission received from the Brady Street transaction.

As we discussed on the telephone recently, a fee is not likely to be paid for the new Browner facility on Welcome Way. This also includes myself. Regrettably, there have been some misunderstandings through the process with Dr. Browner, and the transaction has not been smooth. We have recently made an offer to Dr. Browner to close the file, which would put the development partnership at a pretty significant loss.

Again, thank you for your assistance in this matter. I know you were very instrumental in making everything work out to everyone's benefit.

With best regards.

Chuck Ruhl, Jr.

CAR:lp

Enclosures

(56)

(56)

# STANLEY, LANDE & HUNTER
A PROFESSIONAL CORPORATION

## ATTORNEYS AND COUNSELORS

900 FIRSTAR CENTER
201 WEST SECOND
DAVENPORT IA 52801

FAX 319/326-6266
319/324-1000

April 2, 1998

Dr. John Browner
4425 Welcome Way
Davenport, IA 52807

Dear Dr. Browner:

Re: Sale of Property located at 4508 Brady Street

Pursuant to your telephone conversation with our Office Administrator Luke Bouthillier this afternoon, please find enclosed a copy of the HUD-1 Settlement Statement for the above referenced real estate transaction.

You also requested a copy of a 1099 for this transaction. It appears that a 1099 form was not prepared for this transaction.

Very truly yours,

STANLEY, LANDE & HUNTER

By _Gayle E. Langbehn_
Gayle E. Langbehn
Legal Secretary

Enc.
cc:   Luke Bouthillier
D27-10

Exhibit 4

Mr. Charles A. Ruhl, Jr.                               January 26, 1995
Page 2

    4.   We understand that the newly platted property will be subject to certain Restrictive and Protective Covenants binding upon all owners of the different lots.   Dr. and Mrs. Browner agree that lots 5 and 6 will also be subject to the Restrictive and Protective Covenants applicable to the remaining lots.

    5.   The Real Estate Purchase Agreement clearly provides that title to the property presently owned by Dr. and Mrs. Browner will be transferred to Ruhl Development Company, L.L.C. free and clear of all liens and encumbrances.   Although the abstract of title has not yet been continued, the information which I have been able to obtain indicates that the following mortgage indebtedness, liens, judgments and other expenses will have to be paid from the closing proceeds.   They include the following:

| | | |
|---|---|---|
| a. | Fleet Mortgage Company - | $65,000.00 |
| b. | IRS Liens | 8,000.00 |
| c. | Real Estate Broker Fee | 15,000.00 |
| d. | Judgments (not including accrued interest) | 22,000.00 |
| | Total | $110,000.00 |

    The sale price for the Browner property is $225,000.   That amount will be reduced by the $160,000 cost to construct the new office building and acquire the lot where it will be located. Obviously, in addition to the $65,000 balance, Dr. Browner will need an additional $45,000 simply to satisfy the mortgage, judgments, etc. listed above.

    However, in addition to that $45,000 amount, Dr. Browner will have considerable additional expenses to cover the cost for the build out of their living area, moving his dental equipment to the new office building, and closing costs.   Dr. Browner estimates an additional cost of at least $55,000 for those items. Therefore we estimate that he would need to obtain a loan and mortgage of no less than $100,000 in order to complete the project.   Unfortunately, as a result of the liens and judgments which are currently of record, Dr. Browner's credit does not allow him to obtain any conventional financing.   Under the circumstances, the only way for Dr. Browner to complete this transaction would be for the purchaser and/or the new tenant to provide the necessary financing.

(86)

January 26, 1995

Mr. Charles A. Ruhl, Jr.
Page 3

     We are also providing a signature line at the bottom of this letter for Dr. Browner to sign his name indicating his understanding of the information contained in this letter and his agreement to proceed as stated.

     We certainly appreciate your assistance and look forward to working with you.

                              Very truly yours,

                              STANLEY, LANDE & HUNTER

                              By _____
                                    Patrick W. Driscoll

Acknowledged:

_____
Dr. John Browner

PWD/gel
D27-

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

3   04CV80035

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BROWNER, JOHN A

## DEFENDANTS

CHARLES RUHL JR        See
RUHL Development        Attachmen
Patrick W. Driscoll     El
US Department of Justice   Scott

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Scott

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Scott

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JOHN A. BROWNER   PRO SE
308 WEST 52nd Street
DAVENPORT, IOWA   52806

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
     Plaintiff

☐ 3 Federal Question
     (U.S. Government Not a Party)

☒ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINT
(For Diversity Cases Only)                     AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
     & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
     Student Loans
     (Excl. Veterans)
☐ 153 Recovery of Overpayment
     of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product
     Liability
☐ 320 Assault, Libel &
     Slander
☐ 330 Federal Employers'
     Liability
☐ 340 Marine
☐ 345 Marine Product
     Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
     Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**

☐ 362 Personal Injury —
     Med. Malpractice
☐ 365 Personal Injury —
     Product Liability
☐ 368 Asbestos Personal
     Injury Product Liability

**PERSONAL PROPERTY**

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
     Property Damage
☐ 385 Property Damage
     Product Liability

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/
     Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS

☐ 510 Motions to Vacate
     Sentence
     **HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure
     of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational
     Safety/Health
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards
     Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting
     & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc.
     Security Act

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
     28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff
     or Defendant)
☐ 871 IRS — Third Party
     26 USC 7609

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☒ 470 Racketeer Influenced and
     Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge
     12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of
     Information Act
☐ 900 Appeal of Fee Determination
     Under Equal Access to Jus
☐ 950 Constitutionality of
     State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Rico Act

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complain

JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                          DOCKET NUMBER

DATE   03/22/2004

SIGNATURE OF ATTORNEY OF RECORD   J Brown   Pro Se

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Name of Plaintiff
John A. Browner
308 A West 52nd Street
Davenport Iowa 52806
563 386 3879

Name of Defendants
Charles Ruhl Jr.
5111 Utica Ridge Road
Davenport Iowa 52801
563 355 4000

Defendant
Ruhl Development
5111 Utica Ridge Road
Davenport Iowa 52801
563 355 4000

Defendant
Ruhl and Ruhl Realtors INC
1228 Middle Road
Bettendorf Iowa 52722
563 441 5000

Defendant
Cavity Company LLC
5111 Utica Ridge Road
Davenport Iowa 52801
563 355 4000

Defendant
Kaizen Company of America LLC
5111 Utica Ridge Road
Davenport Iowa 52807
553 355 4000

Defendant
Kent M. Pilcher
Kaizen Company of America LLC
5111 Utica Ridge Road
Davenport Iowa 52807
563 355 4000

Defendant
Caroline Ruhl
1228 Middle Road
Bettendorf Iowa 52722
563 441 5000

Defendant
Patrick W. Driscoll
Suite 600
201 West 2nd Street
Davenport Iowa 52801
563 324 1000

Defendant
Stanley,Lande&Hunter
Suite 900
201 West 2nd Street
Davenport Iowa 52801
563 324 1000

Defendant
Curtis E. Beason
Suite 600
220 N. Main Street
Davenport Iowa 52801
563 324 3246

Defendant
Michael Byrne
Suite 600
220 N. Main Street
Davenport Iowa 52801
563 324 3246

Defendant
Michael Noyes
Suite 600
220 N. Main Street
Davenport Iowa 52801
563 324 3246

Defendant

Lane and Waterman
Suite 600
220 N. Main Street
Davenport Iowa 52801
563 324 3246

Defendant
Quad City Bank and Trust
2118 Middle Road
Bettendorf Iowa  50722
563 386 4783

Defendant
OCR Holding Company
3351 7th Street
Moline Ill. 61265
309 736 3580

Defendant
Doug Holquist
3351 7th Street
Moline Ill 61265
309 736 3580

Defendant
Mike Bauer
2118 Middle Road      563 388 4783
Bettendorf Iowa 50722

Defendant
John S. Gosma
4301 E. 53nd Street
Davenport Iowa
563 388 8417

Defendant
Shive-Hattery
18 6th Street
Moline Ill 61265
309 764 7450

Defendant
Treiber Construction
2723 N. Clark Street
Davenport Iowa

15

563 386 5151


Defendant
Gary Hayward
US Department of Justice
US Courthouse Annex Suite 286
Des Moines Iowa 50309
1 515 286 6474

Defendant
US Department of Justice
US Courthouse Annex 286
Des Moines Iowa 50309
1515 286 6474

Defendant
 US Department of Education
San Francisco Collection Center
50 United Nations Plaza
Room 220
San Francisco CA. 94102
1-800 621-3115

Defendant
Frye Development Corp
575 East 53nd Street
Davenport Iowa 52807
653 322 9200

Defendant
William Stengle
305 First National Bank Bldg
Rock Island Ill  61201
309 324 0790

Defendant
Gary Koos Law firm
2818 18th Street          319 359 3059
Bettendorf Iowa 52722
 Defendant
Bill Davis
416 West 4th Street
Davenport Iowa 52801
563 326 8783

Defendant
Nepple, Van Der Kamp and Flynn PC
Suite 202 American Bank Building
1600 4th Street
Rock Island 61201
309 732 1230

Defendant
Davenport Police Department
420 Harrisson Street
Davenport Iowa 52801
563 323 7979

Defendant
Davenport Fire Department
226 West 4th Street
Davenport Iowa 52801
563 326 7763

Defendant
Public Works of Davenport
226 West 4th Street
Davenport Iowa 52801
563 326 7763

Defendant
R.Clay Thompson
Suite 600
220 N. Main Street
Davenport Iowa 52801
563 324 3246

Defendant
City of Davenport plan and zoning
226 West 4th Street
Davenport Iowa 52901
563 326 7763

Defendant
Sam Giganti
5111 Utica Ridge Road
Davenport Iowa 52807

17

Defendant
City Engineer of Davenport
226 West 4th Street
Davenport Iowa 52801
563 326 7763
Defendant
Richard Mc Donnell
1730 Duggleby Street
Davenport Iowa 52803

Defendant
Illinois Stock Transfer Company
209 West Jackson Suite 907
Chicago Ill. 60606

Defendant
City of Davenport Legal Department
226 West 4th Street
Davenport Iowa 52801
563 3267735

Defendant
Nicholas R. Doenges
428 Western Street
Davenport Iowa 52861
563 326 7763

Defendant
City of Davenport public works
226 West 4th Street
Davenport Iowa 52801
563 326 7763
Defendant
Scott County Board of Supervisors
428 Western Street
Davenport Iowa 52801
653 324 8783

Defendant
Board of professiona ethic and conduct
521 E. Locust Street FL 3
Des Moines Iowa 50309

Defendant