FILED
ROCK ISLAND, IL

04 AUG 16  PM 3: 22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

JOHN A BROWNER ) CASE NO 3:04-CV-40035
)
Plaintiff ) RESISTANCE TO MOTION FOR
) SANCTIONS FILED BY
v. ) Charles Ruhl Jr. and Ruhl Development
) and Ruhl and Ruhl Realtors, and
CHARLES RUHL JR. et al ) Cavity Company LLC and Kaizen
) Company of America L.C. and Caroline
Defendants ) Ruhl, and Curtis E. Beason, Michael
) Byrne, Lane and Waterman, R. Clay
) Thompson, Kent M. Pilcher

---

COMES NOW John A. Browner pro se hereby file his resistance to above defendants

motion for sanctions under federal rule of civil procedures 11 and states as follows.

1. Under federal rules of procedure 11 (B)

2. These defendants are clearly requesting sanctions to harass plaintiff.

3. Clearly defendants has violated plaintiff right to due process and a fair trial

in the Iowa district courts by undue 18USC1961 racketeer influenced and corrupt

organizations (1) (3) (6).

4. On or about January 28, 1998 plaintiff was given an order by Judge Edward

B. deSilva Jr. for a settlement conference for February 13, 1998 an order and Judge

deSilva Jr. signed the document in front of plaintiff with a signature see exhibit #36

plaintiff has just found out by the clerk of the district court of State of Iowa this

signature matches Judge deSilva Jr. signature.

5. Plaintiff challenges the signature on defendants exhibit B ruling dated 02.03/1998

as not being the signature of judge deSilva Jr case #91476

6. Plaintiff appealed the ruling on case #91020 dated 02./03/1998 and it appears by the record the signature of deSilvia jr. does not match the signature affixed to this ruling in case #91020 defendants failed to present this document before this court it shows the signatures are completely different. see exhibit **35**

7. This dispute has to be worked out in discovery process to determine which signature is the correct signature of judge deSilva jr. plaintiff has just found out about the different signatures.

8. Clearly the case #91476 was commence by the demand of Charles Ruhl Jr. and Kent M. Pilcher and Cavity Company LLC and Kaizen Company of America L.C. for action to enforcement of mechanic lien on Lot 5 and 6 46 Street 2nd Addition to the City of Davenport Iowa by Iowa Code 572.28 , Iowa Code 572.26 states no other cause of action shall be joined with a action for mechanic lien.
see exhibit **37** exhibit_____

9. The mechanic lien was on Lot 5 and 6 46 Street 2nd Addition to the City of Davenport Iowa for the amount of $210.000.00 see exhibit **38**

10. Defendants Charles Ruhl Jr. and Kent M. Pilcher and Cavity Company LLC and Kaizen Company of America L.C. filed a motion to dismiss the mechanic lien the motion was denied on December 3, 1997, the judge did dismiss Charles Ruhl Jr. and Kent M. Pilcher in this case #91476 see exhibit **34 — Exhibit 39**

11. In violation of Iowa Code 572.26 defendants Charles Ruhl Jr. and Kent M. Pilcher and Cavity Company LLC and Curtis E. Beason a partner of Kaizen Company of America L.C. and Kaizen Company of America L.C. illegal changed

the subject matter and cause of action in case #91476 Browner DDS sold the property

at 4508 to Kaizen this is clearly false Browner DDS did not have any sale of 4508

Brady Street to Kaizen nor Cavity. This leaves plaintiff to believe there is a forged

signature of judge deSilva jr. on the case #91476, which can be proven in discovery

process. The signature on case #91020 is totally different from the other two signatures.

12. Small claims action case No. SC12531 clearly is for $1000.00 earnest money

held in Ruhl and Ruhl Realtors trust  account paid by Ruhl Development per written

contract see 42807. small claims limitations and jurisdiction in Iowa is $5000.00

the ruling by judge Toby small claims judge is clearly frivolous and fraudulent in case no

SC12531 this is defendants Charles Ruhl jr.and Ruhl and Ruhl Realtors trying get out

of the written agreement #42087 the mechanic liens amount is $210,000.00 which is

is above the jurisdiction of Iowa small claims. *Exhibit # 46*

As the small claims actions in case #12531 has nothing to do with a mechanic lien of

$210,000.00 rightful claim for plaintiff share of earnest money of $1000.00 #42087.

13. 42USC 1981 and 42USC1982 plaintiff has the rights as white citizen to enforce

written contracts the court through undue influence by defendants has denied plaintiff

this right through federal civil rights and racketeer influence and corrupt organizations

18USC1961 (1) (3) (5) (6).

*Shsw*

14. Cavity Company LLC was formed by Charles Ruhl Jr. to held the illegal activities

of Kaizen Company of America and Ruhl and Ruhl Realtors Inc. and Curtis E. Beason

and Charles Ruhl Jr. and Kent M. Pilcher Caroline Ruhl and Mary Ruhl.

Cavity Company LLC has done no other business discovery process will show.

15. Defendants Charles Ruhl Jr. for Ruhl Development has stated he has not closed the purchase agreement he made a offer to close, which has never materialized.

16. There clearly was no check for $225.000.00 this is fraud upon the court let defendant produce a check for $224.000.00 a $1000.00 earnest money is still being held in Ruhl and Ruhl Trust account the agreement was for 1031 exchange #42087.

16. All defendants did was has have Shives-Hattery illegally included plaintiff and his wife real property Lot 1 in Dardis Addition to the City of Davenport Iowa with their real property change the boundaries lines without ownership of Lot 1 in Dardis Addition to the City of Davenport Iowa and sold the stolen real property Lot 1 in Dardis Addition to the City of Davenport cross state lines to QCR Holding Company Moline Ill. 15USC1717 and 15USC1719 Chapter 42 and 15USC1717a 15USC1708

### CONCLUSION

In case no 91476 defendants Charles Ruhl Jr. and Kent M. Pilcher and Cavity company LLC and Kaizen Company of America L.C. clearly demanded by Iowa code 572.28 plaintiff to commence action to enforce his mechanic liens on Lot 5 and 6 46 Street 2nd Addition to the City of Davenport Iowa in 30 days or his mechanic liens would be forfeited.

Case No 91467 was assigned for the action to enforce plaintiff mechanic liens of $210.000.00. Iowa code 572.26 no other action shall be joined with mechanic lien therewith.

Defendants Charles Ruhl Jr. and Kent M. Pilcher and Cavity/Kaizen filed a motion to dismiss the mechanic's liens there motion to dismiss, the court dismiss Charles Ruhl Jr. and Kent M. Pilcher from the action, but the court denied Kaizen/Cavity motion to

dismiss.

Defendants Kaizen/Cavity filed to further litigate the mechanic's lien the $210.000.00

went to judgment for the amount of $210,000.00.

There was no contract with Kaizen Company of America written or oral with Browner

DDS to sell 4508 Brady Street, legal Lot 1 in Dardis Addition to the City of Davenport

Iowa to sell to Kaizen.

Since plaintiff was pro se to enforce his mechanic lien in case No 91476 tried to have

court enforce a fraudulent enforceable some kind of illegal deal, which plaintiff allege and

believe defendants agents or attorney wrote the rulings in case #91020 and case #91476

they or their agents illegal signed judge Edward B. deSilva jr. name on the rulings.

Which has be decided in discovery process.

In small claims actions case No SC 12531 the court in case #91476 dismiss Charles

Ruhl jr. and Kent M. Pilcher from that case.

Per written agreement #42087 Charles Ruhl Jr. stated he deposited $1000.00 earnest

money in Ruhl and Ruhl Trust account on October 5, 1994 the written agreement

#42087 has never closed therefore there must be an accounting of the earnest Money

of $1000.00 clearly the small claims action states earnest Money of $1000.00 the action

does not state $210.000.00 mechanic lien.

Defendants motion for sanctions is just to harass plaintiff, under the due process clause

of the U.S constitution. Plaintiff is asking for a injuction against defendants further acts

to steal plainitff real property.

The Fourteenth amendment give plaintiff equal protection under the law which plaintiff

has been denied.

Plaintiff has the right to protect his property just as white citizens which has been denied.

WHEREFORE John A. Browner pro se request the court to deny the above defendants motion for sanctions for all the reason stated above, and an injuction from further acts, and make plaintiff whole returning his real property Lot 1 in Dardis Addition to the City of Davenport Iowa, which is being held in illegal adverse possession by defendants.

Respectfully submitted

John A. Browner pro se
308 A West 52nd Street
Davenport Iowa 52806
563 386 3879

Copies t
Lane and Waterman
220 N. Main Street
suite 600
Davenport Iowa 52801
Michael Byrne

William Stengle
Coyle,Gilman and Stengle
405 National City Bank
100-17 Street
Rock Island Ill 61201

Thamas C. Fritxshe
Scott County Attorney
416 West 4th Street
Davenport Iowa 52801

Richard Mc Donnell
1730 Duggleby
Davenport Iowa 52722

Michael Rock
1128 Mount Street
Davenport Iowa 52803

Thomas J. Miller
Grant K Dugdale
Hoover  State office Building
2nd Fl
Des Moines Iowa 50319

Nepple Van Der Kamp
1705 2nd Avenue
Rock Island Ill 61204
Martin H. Katz

Stephen Patrick O Meara
US Attorney
US Courthouse Annnex 2nd Floor
110 E. Court Avenue
Des Moines Iowa 50309

H.J Pries
attorney for Patrick W. Driscoll
and Stanley,Lande&Hunter
900 U.S.Bank Center
Davenport Iowa 52801

Thomas D. Warner
City Attorney
226 W. 4th Street
Davenport Iowa 52801

proof of service
the undersigned hereby certifies that a copy
of the instrument was served upon all attorneys
of record and all other parties aboved case
there address in the pleading  US Mail
August 17 d 2004

**IN THE DISTRICT COURT IN AND FOR SCOTT COUNTY**
**Case No. 07821 LNLN010635**
**DEMAND FOR BRINGING SUIT**


TO:      Mr. John Anthony Browner
308-A West 52nd Street
Davenport, IA 52806


Demand is hereby made, pursuant to Iowa Code Section 572.28, for you to commence action to enforce the following Mechanic's Lien recently filed in the office of the Scott County Clerk of Court: Case No. 07821 LNLN010635.

Please be advised that your failure to bring such action to enforce these liens within thirty (30) days of service of this notice will result in the lien and all benefits derived therefrom to be forfeited.

LANE & WATERMAN

By _R. Con_
R. Clay Thompson    14120
Attorneys for Charles Ruhl, Jr.,
Kaizen Company of America, L.C.,
and Cavity Company, L.C.


Of Counsel:

LANE & WATERMAN
220 N. Main Street
Suite 600
Davenport, IA 52801
(319) 324-3246

37

_LN 10635_

## MECHANIC'S LIEN (Sec.572.8)

STATE OF IOWA, ___SCOTT___ COUNTY, ss:

FILED

I, the undersigned affiant, [who is _JOHN A. BROWNER_ (manager, bookkeeper, etc.) (or the Claimant] being duly sworn, deposes and say it is made of my personal knowledge by reason of the relationship to possess CLERK OF COURT SCOTT COUNTY, I

That, on the dates set forth in Exhibit "A" hereof, ___
___JOHN A. BROWNER___ (Name of person, firm or corporation furnishing material or labor), herein, referred to as the Claimant, furnished material or labor for, or performed labor upon, the building or land for improvement, alteration, or repair thereof, situated upon, or being identical with the following described real estate in ___
County, Iowa, to-wit: _4425 WELCOME WAY DAVENPORT, IOWA 52_
_LOTS 5 AND 6 46 ADDITION CITY OF DAVENPORT_
_IOWA 52807_

That said items were furnished pursuant to a contract made by the then Owner of said premises, and were furnished by said Claimant who is (1) a contractor, (2) a subcontractor thereunder. That said items were furnished beginning the _28_ day _MAR_, _1995_, and ending on the _13_ day of _MAY_, _1997_, all as specified in said statement or account hereto attached, marked Exhitit "A" and by this reference made part hereof, and at the respective dates, amounts and prices therein stated, which said account is a true and just statement for the same, after allowing all credits and offsets thereon.

That _KAISER, CAVITY_ _CHARLES ELLIS JR_ was then and _OWNER OR ASSIGNS_ (address) _130 W 2nd STREET, DAVENPORT IOWA    52801_ is now the owner of said real estate and that there is now due and owing to the said Claimant the principal sum of $_210.000_ with interest thereon at _10_ % per annum from and after the _13_ day of _MAY_ _1997_, for which sum and interest, together with costs as provided by law, said Claimant asserts a Mechanic's Lien against said improvement and the avove described real estate upon which the same is situated.

_[signature]_                          Acting for _____
_____
        Affiant                                              Claimant

Subscribed in my presence and sworn to before me by the above named Affiant this _21_ day of _July_, 19_97_.

ATTACH EXHIBIT "A"

_[signature] Wendy Kraft_
Notary Public in and for said County

IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

JOHN A. BROWNER,                    )
                                    )
              Plaintiff,            )
                                    )
v.                                  )    CASE NO. 91476
                                    )
CHARLES A. RUHL, JR., KENT M.       )
PILCHER, CAVITY COMPANY,            )    MOTION TO DISMISS
L.C., and KAIZEN COMPANY OF         )
AMERICA, L.C.                       )
                                    )
              Defendants.           )


        DEFENDANTS, Charles A. Ruhl, Jr., Kent M. Pilcher,

Cavity Company, L.C. ("Cavity"), and Kaizen Company of America,

L.C. ("Kaizen"), hereby move to Dismiss Plaintiff's Petition and

state as follows:

        1.    Plaintiff has filed this cause of action against

these Defendants regarding a Real Estate Contract which

Plaintiffs attaches to his Petition, together with numerous other

documents. ("Browner II").

        2.    Previously, on May 29, 1997, Plaintiff filed a

lawsuit in this same Court regarding the same Real Estate

Contract against Defendants, Cavity and Kaizen.  Scott County No.

91020 ("Browner I").

        3.    Moreover, on July 3, 1997, this Court forfeited

Browner's interest in the same real estate contract which is the

subject of both, Browner I and II. (F.E.D. action).

4.    The Court in Browner I granted Kaizen and Cavity Summary Judgment with respect to Plaintiff's attempt to declare the forfeiture of the contract invalid, finding that it has previously been decided in the F.E.D. action SC94901.

5.    Browner I involves the same real estate transaction of which Plaintiff now complains in Browner II.

### RES JUDICATA

6.    Browner II seeks money damages from Cavity, Kaizen, Charles Ruhl, Jr. and Kent M. Pilcher relating to the same contract and real estate transaction which is the subject of Browner I.

7.    The new Petition  (Browner II) against Kaizen and Cavity is barred under the doctrine of claim preclusion and should be dismissed for failure to state a claim on which relief can be granted pursuant to I.R.C.P. 104(b).

### DISMISSAL OF MECHANIC'S LIEN

8.    Plaintiff attaches two Mechanic's Liens as Exhibits to his Petition: LN10635 and LN10637.

9.    These Mechanic's Liens relate to the same real estate transaction and were filed after the Court's July 3, 1997 Order forfeiting his interest in the property.  F.E.D. action SC94901.

10.  Plaintiffs held an equity interest in the property until this Court's July 3, 1997 Order.  F.E.D. action SC94901.

11.  Plaintiffs cannot claim a Mechanics Lien in property in which he was the owner.  Further, any such claim would be merged into the July 3, 1997 F.E.D. Order.  Plaintiff cannot claim such liens after the Court has forfeited his interest.

## NO PERSONAL LIABILITY

12.  Plaintiff has attached to his Petition, a Real Estate Contract between Plaintiff and Kaizen.  Mr. Pilcher signed the agreement in his capacity as Manger of Kaizen, not in his individual capacity.

13.  Plaintiff's Petition does not allege any basis for personal liability of Mr. Pilcher.

14.  Further, Plaintiff attached an agreement between himself and Ruhl Development Company, L.L.C.  Mr. Ruhl signed in his capacity as President of Ruhl Development and not in his individual capacity.

15.  Plaintiff's Petition does not allege any basis for personal liability of Mr. Ruhl.

16.  Plaintiff's Petition fails to sufficiently allege a cause of action against any Defendant.

WHEREFORE, Defendants, Charles A. Ruhl, Jr., Kent M. Pilcher, Cavity Company, L.C. and Kaizen Company of America, L.C. respectfully request that the Court enter an Order expressly declaring Plaintiff's Mechanics liens (Case No. 07821 LN01635 and LN01637) to be invalid and without any claim to the property and to dismiss Plaintiff's suit in its entirety.

-3-

LANE & WATERMAN

By _____    08910
Michael P. Byrne
220 N. Main Street
Suite 600
Davenport, IA  52801
(319) 324-3246

Attorneys for Defendants
Charles A. Ruhl, Jr., Kent M.
Pilcher, Cavity Company, L.C. and
Kaizen Company of America, L.C.


Copy to:

John A. Browner
308 West 52nd Street
Davenport, IA  52807

PROOF OF SERVICE

        The undersigned certifies that the foregoing instrument was served
upon all parties to the above cause to each of the attorneys of record
herein at their respective addresses disclosed on the pleadings, on
October 24, 1997.

By: __✓__ U.S. Mail        ____ FAX
    ____ Hand Delivered    ____ UPS
    ____ Federal Express   ____ Other

Signature _____

-4-

IN THE IOWA DISTRICT COURT FOR _Scott_ COUNTY

97 DEC -3 AM 10: 27

_John A. Browner_

[ ] Equity
[ ] Criminal
[✗] Law

—————————————————
Plaintiff/Petitioner,

No. _91476_

_Charles Ruhl Jr et al_

[✗] ORDER
[ ] RULING
[ ] JUDGMENT

—————————————————
Defendant/Respondent.

The court heard argument on the motion to dismiss filed by defendants. As to the individual defendants Charles Ru- and Kent Pilcher the petition with attachments show they were agents only of the other defendants. As such they are hereby dismissed as defendants in this case. The remainder of the motion requires the consideration of evidence which cannot be done on a Motion to Dismiss. The motion is denied as to the other defendants.

The clerk shall notify all counsel of record and any party represented by counsel.

Dated

_Dec. 3_ , 19

Judge of the Seventh Judicial
District of Iowa

[ Exhibit 34 ]

## 572.26  Kinds of action -- amendment.

An action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith.

Any lien statement may be amended by leave of court in furtherance of justice, except as to the amount demanded.

### Section History: Early form

[C51, § 985; R60, § 4183; C73, § 2510; C97, § 3429; C24, 27, 31, 35, 39, § **10295**; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, 79, 81, § 572.26]

---

Previous Section 572.25

Next Section 572.27

---

  

---

© 2003 Cornell College and League of Women Voters of Iowa

---

Comments about this site or page? iacode@staff.legis.state.ia.us.
*Please remember that the person listed above does not vote on bills. Direct all comments concerning legislation to State Legislators.*

*Last update: Tue Jan 28 13:52:42 CST 2003*
URL: /IACODE/2003/572/26.html
jhf



10/23/2003

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

_Brouwer_
_____
Plaintiff/Petitioner

Case No _9/020_
ORDER SETTING HEARING
_91426_

vs

_Kaiser + Cavil_
_____
Defendant/Respondent

Hearing on _Merits Con (T) Cpy_
_trial   Settlement_

is hereby scheduled for the _13_ day of _Feb_ ___ 199_ , at
_930_ o'clock _M. ~~settlement conference~~_

The Clerk shall notify all counsel of record.

Dated this _28_ day of _Ja_ , 199_8_

_C B Aly_
_____
JUDGE OF THE DISTRICT COURT
SEVENTH JUDICIAL DISTRICT OF IOWA

[EXHibit 36

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

FILED

98 FEB -3 AM 10: 13

MARLENE K. NELSON
CLERK OF DISTRICT COURT
SCOTT COUNTY, IOWA

JOHN A. BROWNER,                          )
                                          )        LAW NO. 91476
            Plaintiff,                    )
                                          )
vs.                                       )        RULING ON DEFENDANTS'
                                          )        MOTION FOR SUMMARY
CHARLES A. RUHL, JR., KENT M.             )        JUDGMENT
PILCHER, CAVITY COMPANY, L.C.,            )
and KAIZEN COMPANY OF                     )
AMERICA, L.C.                             )
                                          )
            Defendants.                   )

    On January 28, 1997, a hearing was held on Defendants Cavity and Kaizen's

(Defendants) Motion for Summary Judgment.  Plaintiff John A. Browner (Browner) resists.

Defendants appeared by their attorney Michael P. Byrne.  Plaintiff Browner appeared pro se.  The

Court having reviewed the motion, pleadings, and arguments of counsel enters the following

ruling.

    Browner, D.D.S. owned property at 4508 Brady Street.  Browner sold the property to

Defendant Kaizen on March 28, 1995.  See Exhibits E & F.  Browner received a HUD-1 Closing

statement on or about the time of the closing.  See Exhibit B.  Kaizen payed $225,000 for the

property and issued a check to Browner's attorney.  See Exhibit D.  On or about the same time,

Browner agreed to purchase lots 5 and 6 located along Welcome Way from Defendant Kaizen.

Browner entered into a real estate contract with Kaizen for purchase of said lots.  The total cost

of the lots and a building to be erected for Browner, including extras, was $167,885.  Browner

made payments in the amount of $88,957, which came from the sale proceeds of the property

located at 4508 Brady Street.  Browner was to pay off the balance of $78,928, which included

applicable insurance and taxes, in monthly installments.

EXHIBIT

B

Sanctions

Browner defaulted on his payments and a Notice of Forfeiture was sent to Browner. Browner cured the initial Notice of Forfeiture. Browner defaulted a second time and a second Notice of Forfeiture was sent to Browner. Browner failed to cure the default within the statutory 30 day period. On July 3, 1997, Magistrate Mary Howes-Davis forfeited all of Browner's interest in the Welcome Way property. Browner filed lawsuit No. 91020 (Browner I) wherein Browner sued to set aside the forfeiture and for an accounting on the amount owed on the real estate contract. In a ruling dated September 24, 1997, Judge Madden granted Defendants' motion for summary judgment regarding the forfeiture issue but found a genuine issue of material fact existed as to the amount due that was the basis of the forfeiture. Browner then filed a second lawsuit No. 91476 (Browner II) alleging entitlement to funds from the sale of the Brady Street property and for damages arising out of an alleged invalid real estate contract.

Pursuant to Rule 237 of the Iowa Rules of Civil Procedure, the Defendants have moved for summary judgment in Browner II arguing that no genuine issue of material fact exists regarding the sale of the property located at 4508 Brady Street by Browner to Kaizen. Summary judgment is proper if the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c) (1996); Stahl v. Preston Mut. Ins. Ass'n, 517 N.W.2d 201, 202 (Iowa 1994). On the other hand, summary judgment is inappropriate if a genuine issue as to any material fact exists or if reasonable minds could draw different inferences and conclusions from undisputed facts. Red Giant Oil Co. v. Lawlor, 528 N.W.2d 524, 528 (Iowa 1995). The burden of showing the nonexistence of a material fact rests with the moving party. Engstrom v. State, 461 N.W.2d 309 (Iowa 1990). In considering a motion for summary judgment, the Court is required to examine the entire record, including pleadings, depositions,

2

answers to interrogatories, admissions on file, and affidavits, in the light most favorable to the nonmoving party. Red Giant Oil Co. v. Lawlor, 528 N.W.2d at 528. In other words, "every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party." Knapp v. Simmons, 345 N.W.2d 118, 121 (Iowa 1984).

In a summary judgment motion, "genuine" issue of fact means the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Dickerson v. Mertz, 547 N.W.2d 208, 212 (Iowa 1996). A fact is "material" if it might affect the outcome of the suit, given the governing applicable law. Id. Hence, the Court, in rendering a decision on Defendant's motion for summary judgment, must determine if any facts exist where reasonable differences of opinion would affect the outcome of the case.

The Court finds that no genuine issue of material fact exists regarding the sale of property located at 4508 Brady Street by Browner to Kaizen. Browner agreed to sell his Brady Street property to Kaizen for $225,000. Kaizen satisfied its obligation to Browner when it issued a check to Browner's attorney for $225,000. See Exhibit D. The HUD-1 statement, Closing Memorandum, and the Warranty Deed demonstrate that Browner conveyed all of his interest in the Brady Street property to Kaizen on March 28, 1995. The question of whether liens on the Brady Street property were or were not satisfied at the time of closing is not relevant to the Court's analysis on these facts because the real estate agreement placed responsibility for satisfaction of any liens that remained upon Browner and were thus not the responsibility of Kaizen. See Exhibit F.

The Court further finds that Browner's allegations of an invalid real estate contract, based upon Charles Ruhl's failure to sign the closing agreement and settlement statement, are without

3

merit. Kent Pilcher, who was the Manager of Kaizen, signed the closing agreement and settlement statement on behalf of Ruhl & Ruhl. The mere fact that Kent Pilcher, rather than Charles Ruhl, signed the documents on behalf of Kaizen violates no section of the Iowa Code. As no genuine issue of material fact exists surrounding the validity of the sale of the Brady Street property, Defendants are entitled to judgment as a matter of law.

For the reasons stated above, it is therefore ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

Dated at Davenport, Iowa this __3__ day of February, 1998.

Edward B. deSilva Jr.
District Court Judge
Seventh Judicial District

4

FILED

98 FEB -3 AM 10: 13

M─── ── NELSON
CLERK OF DISTRICT COURT
SCOTT COUNTY, IOWA

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

JOHN A. BROWNER,                    )        LAW NO. 91020
                                    )
        Plaintiff,                  )
                                    )
                                    )        RULING ON DEFENDANTS'
vs.                                 )        MOTION FOR SUMMARY
                                    )        JUDGMENT
CAVITY COMPANY, L.C.,               )
and KAIZEN COMPANY OF               )
AMERICA, L.C.                       )
                                    )
        Defendants.                 )

On January 28, 1997, a hearing was held on Defendants Cavity and Kaizen's

(Defendants) Motion for Summary Judgment. Plaintiff John A. Browner (Browner) resists.

Defendants appeared by their attorney Michael P. Byrne. Plaintiff Browner appeared by his

attorney William Stengel. The Court having reviewed the motion, pleadings, and arguments of

counsel enters the following ruling.

Browner, D.D.S. owned property at 4508 Brady Street. Browner sold the property to

Defendant Kaizen on March 28, 1995. Kaizen payed $225,000 for the property and issued a

check to Browner's attorney. On or about the same time, Browner agreed to purchase lots 5 and

6 located along Welcome Way from Defendant Kaizen. Browner entered into a real estate

contract with Kaizen for purchase of said lots. The total cost of the lots and a building to be

erected for Browner, including extras, was $167,885. Browner made payments in the amount of

$88,957, which came from the sale proceeds of the property located at 4508 Brady Street.

Browner was to pay off the balance of $78,928, which included applicable insurance and taxes,

in monthly installments.

Browner failed to make the required payments between October 1995, and December 31,

1996. Defendants sent a Notice of Forfeiture to Browner. Browner cured the initial Notice of

Exhibit 35

Forfeiture. Browner defaulted a second time on payments due between January 1997- March 1997, totaling $2,691.51. A second Notice of Forfeiture was sent to Browner. Browner failed to cure the default within the statutory 30 day period. On July 3, 1997, Magistrate Mary Howes-Davis forfeited all of Browner's interest in the Welcome Way property. Browner filed lawsuit No. 91020 (Browner I) wherein Browner sued to set aside the forfeiture and for an accounting on the amount owed on the real estate contract. In a ruling dated September 24, 1997, Judge Madden granted Defendants' motion for summary judgment in part with respect to the forfeiture issue, but found a genuine issue of material fact existed as to the amount due that was the basis of the forfeiture.

In its motion for summary judgment, the Defendants argue that no genuine issue of material fact exists regarding the amount listed as due on the forfeiture. Defendants argue that the Court's consideration of its second motion for summary judgment is entirely appropriate in light of additional documentation that has been provided, but which was not previously before the Court. Specifically, Defendants argue that the documentation demonstrates that Browner owed Kaizen a balance of nearly $78,000 on the Welcome Way property after proceeds from the sale of the Brady Street property were applied to the real estate transaction. Plaintiff Browner argues that the Court must take judicial notice of Judge Madden's previous ruling which held that a genuine issue of material fact existed regarding the amount listed on the forfeiture. Browner concludes that res judicata bars further consideration of Kaizen's motion.

Pursuant to Rule 237 of the Iowa Rules of Civil Procedure, the Defendants have moved for summary judgment in Browner II arguing that no genuine issue of material fact exists regarding the sale of the property located at 4508 Brady Street by Browner to Kaizen. Summary

2

judgment is proper if the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c) (1996); Stahl v. Preston Mut. Ins. Ass'n, 517 N.W.2d 201, 202 (Iowa 1994). On the other hand, summary judgment is inappropriate if a genuine issue as to any material fact exists or if reasonable minds could draw different inferences and conclusions from undisputed facts. Red Giant Oil Co. v. Lawlor, 528 N.W.2d 524, 528 (Iowa 1995). The burden of showing the nonexistence of a material fact rests with the moving party. Engstrom v. State, 461 N.W.2d 309 (Iowa 1990). In considering a motion for summary judgment, the Court is required to examine the entire record, including pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, in the light most favorable to the nonmoving party. Red Giant Oil Co. v. Lawlor, 528 N.W.2d at 528. In other words, "every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party." Knapp v. Simmons, 345 N.W.2d 118, 121 (Iowa 1984).

In a summary judgment motion, "genuine" issue of fact means the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Dickerson v. Mertz, 547 N.W.2d 208, 212 (Iowa 1996). A fact is "material" if it might affect the outcome of the suit, given the governing applicable law. Id. Hence, the Court, in rendering a decision on Defendant's motion for summary judgment, must determine if any facts exist where reasonable differences of opinion would affect the outcome of the case.

The Court holds that the additional documentation provided by the Defendants demonstrates that no genuine issue of *material* fact exists that might affect the outcome of the suit, given applicable law (emphasis added). In the Defendants' first motion for summary judgment, the Court determined that a genuine issue of material fact existed as to the amounts

3

listed as due in the forfeiture. While Browner has not suggested what he believes to be the correct amount owed, Browner does allege that the $2691.51 listed by the Defendants in the Notice of Forfeiture is incorrect. The issue before the Court is whether Browner may rely on a discrepancy between the amount listed as owed in a Notice of Forfeiture and the actual amount owed as a basis for either setting aside the forfeiture or bringing an action for breach of contract for damages. Even assuming that the amount listed in the Notice of Forfeiture did not represent the actual amount Browner owed Kaizen on the real estate contract, the Court finds that Browner is not entitled to set aside the forfeiture or bring an action for damages against the Defendants.

In Gaston v. Horn, 138 N.W. 925 (Iowa 1912), the Court refused to set aside a forfeiture when the notice stated that the vendee owed $500 when actually only $185 was due. In Hamptom Farmers Co-op. Co. v. Fehd, 133 N.W.2d 872, 875 (Iowa 1965), the Court reaffirmed its decision in Gaston holding that the fact that a vendor may have asked for something in the notice of forfeiture to which he was not entitled will not defeat the forfeiture so long as it contains one matter on which the vendor is entitled to give notice of forfeiture. The rule articulated by the Iowa Supreme Court is clear: in the event notice of forfeiture makes demand for more than that to which the vendor is entitled, such excessive demand will not invalidate the forfeiture. Id.

The documentation provided by the Defendants clearly establishes that Browner owed a principal balance of $78,928 on the real estate contract involving lots 5 and 6. Browner agreed to make monthly payments on the balance which included an additional payment for insurance and taxes. Browner himself does not pretend to dispute that he failed to make the required payments from January 1997- March of 1997. In a prior ruling, Magistrate Davis held that Browner's

4

attempted tender of the amount due was untimely. The default is conceded. It was specified in the notice (that at least some amount was owed for failure to make the required payments for three months) and was sufficient to entitle vendors to invoke a forfeiture. Even assuming Kaizen overstated the requirements to cure the default, such an act is not fatal to notice and cannot serve as a basis for setting aside a forfeiture.

The Court also holds that Browner is not entitled to bring an action for breach of contract or for damages arising out of the forfeiture of the Welcome Way property even assuming that the amount listed in the Notice of Forfeiture did not represent the actual amount Browner owed Kaizen on the real estate contract. Vendors, such as Kaizen, have various remedies when a vendee, such as Browner, is in default under a real estate contract. Vendors have a right to elect whether (1) to keep good their tender of performance, demand the balance of the purchase price and sue for specific performance; (2) to terminate the contract because of the vendee's breach, keep their land and sue for damages for the breach; (3) rescind the contract in toto; or (4) to enforce a forfeiture under the statute. Pierce v. Farm Bureau Mutual Ins. Co., 548 N.W.2d 551, 556 (Iowa 1996). This election of potentially available remedies belongs to the vendor and not to the defaulting vendee. On these facts, Browner was in default for failure to make required payments. As the party in default, Browner may not bring an action against the vendor Kaizen for breach of contract or for damages. Defendants are entitled to judgment as a matter of law.

For the reasons stated above, it is therefore ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

Dated at Davenport, Iowa this _3_ day of February, 1998.

Edward B. deSilva Jr.
District Court Judge
Seventh Judicial District

IN THE DISTRICT COURT OF IOWA IN AND FOR SCOTT COUNTY, IOWA

PLAINTIFF(S)

*JOHN A. BROWNER* (Name)

*308 A. WEST 52nd STREET* (Address)

*DAVENPORT, IOWA 52806*

(Address)

vs

DEFENDANT(S)

*CHARLES Ruth Jr* (Name)

*5111 Utica Ridge Rd Dav. Ia* (Address)

*Ruth And Ruth Realtors* (Name)

*1229 Middle Rd Bettendorf, Iowa* (Address) *Att Caroline Ruth*

**FILED**

ORIGINAL NOTICE
ACTION FOR MONEY JUDGMENT

'02 AUG -9 PM 4: 02

SMALL CLAIM NO
MARLENE K. NELSON
DATE FILED CLERK OF DISTRICT COURT
SCOTT COUNTY IOWA

*SC125231*

Make sure that your correct mailing address and number appear on this form. If you cannot be contacted, you may not receive trial or continuance notices and judgment may be entered against you, if you fail to appear.

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY NOTIFIED that the above names plaintiff(s) demand(s) from you the amount of $*1600.00* based on *3 Arust money #42087   Oct 5, 1999* *Written Agreement, not Paid Trust Account* (state briefly basis for the demand.

UNLESS YOU APPEAR by completing and filing the attached appearance and answer form with the Clerk of Court at 416 West 4th Street, Scott County Courthouse in Davenport, Iowa 52801, WITHIN 20 DAYS AFTER SERVICE OF THIS ORIGINAL NOTICE UPON YOU, judgment shall be rendered against you upon Plaintiff's claim together with interest and court costs.

IF YOU DENY THE CLAIM AND APPEAR by filing the attached appearance and answer WITHIN 20 DAYS AFTER SERVICE OF THIS ORIGINAL NOTICE UPON YOU, you will then receive notification from the Court Administrator's office of the place and time assigned for hearing.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 326-8607 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

*JOHN A. BROWNER*
Plaintiff(s)
*308 A. WEST 52st St Dav. Ia 52806*
Address
*563 - 386 - 3879*
Phone (Home and Business)

JUDGMENT ENTRY:

IT IS HEREBY ORDERED THAT JUDGMENT BE ENTERED AGAINST _____. (Defendant(s) Plaintiff(s) in the amount of $_____ with interest at the rate of _____ percent from the _____ day of _____, 20__, and Attorney Fees in the amount of $_____ plus Court Costs in the amount of $_____.

IT IS FURTHER ORDERED THAT the foregoing judgment be paid at the rate of $_____ per _____ (month/week).

_____        _____
Date                       Magistrate

*Exhibit 46*

*Byron's Copies*

AGREEMENT TO PURCHASE REAL ESTATE
for use only by Members of the
GREATER DAVENPORT BOARD OF REALTORS®
THIS IS A LEGALLY BINDING CONTRACT

42087



Date __October 5, 1994__

To __Dr. John A. and Shirley A. Browner__ _____ hereby offers to purchase

The undersigned (Purchaser): __Ruhl Development Company, LLC__ _____

the total sum of $ __See Addendum A__    the real estate located at __4500 North Brady Street, Davenport, Iowa__

and described as follows: __consisting of 33,491 square feet, more or less, as shown on Exhibit A__

upon the following terms and conditions:

(a)SALE SUBJECT TO FINANCING: This Agreement is subject to the Purchaser obtaining _____
loan commitment on the subject property in the amount of $ _____ at an interest rate not to exceed _____
for a period of not less than _____ years. Purchaser shall be given until _____ to obtain such commitment for financ
If, after making reasonable efforts to obtain such a loan, Purchaser is unable to secure such financing, this offer shall become void. Purchaser sh
make application for such financing within _____ days after this agreement has been finally accepted by both parties.

(b) CASH by payment of the sum of $ _____ in the form of _____ cash _____ check, submitted herewith, to be hel
trust by _____ and the balance of the purchase price upon delivery of a Warranty Deed as herein
provided.

(c) CONTRACT by payment of the sum of $ _____ in the form of _____ cash _____ check, submitted herewith, to be hel
trust by _____ and $ _____ upon the execution of a formal contract in which Purcha
agrees to pay the remaining balance of $ _____ at the rate of $ _____ or more per month [interest in addit
(including interest) until the entire purchase price together with interest at _____ % per annum is paid in full.

(d) THE EARNEST MONEY of $ __1,000.00__ _____ in the form of _____ cash _X_ check, submitted herewith and hel
trust by __Ruhl & Ruhl Realtors, Inc.__ is part of the cash at closing. In the event any contingency is not met by the date contained
such contingency, the Seller recognizes the earnest money will be returned to the Purchaser and this agreement shall be void. By Iowa law, if there is
unresolved dispute over any contingency, the Broker must hold the earnest money and not disburse except by the provisions of the law. Seller a
Purchaser agrees to indemnify, defend and hold harmless the escrow agent from and against any and all liabilities and claims arising out of the duties
escrow agent.

e) OTHER TERMS __See Addendum and Exhibits A and B.__

1. Seller shall furnish to Purchaser satisfactory evidence of title in conformity with this agreement, land title law of the State of Iowa, and in acc
with the title standards of the Iowa and Scott County Bar Associations. Title shall be made free and clear of all liens and encumbrances not he
specifically waived or agreed to be assumed by Purchaser. The conveyance of title shall be by way of Warranty Deed. Seller's Abstract of Title shall
submitted to Purchaser's Attorney for examination as soon after this date as is reasonably possible. Any objections to title raised by Purchase
Attorney shall be made in writing as soon thereafter as is reasonably possible, so that the same may be cured on or before date of closing.

2. Closing shall be on or before __April 30__, 19__95__. Possession shall be given __at closing__ in accordance w
standards adopted by the Scott County Bar Associations.

3. All real estate taxes shall be paid or prorated between Purchaser and Seller to the date of __closing__

4. Special assessments to be levied for improvements completed, or where NOTICE or RESOLUTION for improvements is in effect previous to
date here of yet levied, shall be paid by Seller, except _____

5. Seller warrants that the heating and air conditioning systems, plumbing and electrical systems and all other mechanical equipment included as
of the purchase price, will be in working order as of date of possession, with the following exceptions: _____
shall deliver the property in the same condition as of the date of the agreement.

6. Wood infestation inspection. This agreement is subject to a wood infestation inspection of the subject property by a licensed pest control age
to be paid for by the _____ If active infestation or damage due to prior infestation is discovered, Seller s
have the option of either having the property treated for infestation by a licensed pest exterminator and having any damage repaired or declining
agreement void.

7. All personal property that integrally belongs to or is a part of the real estate, whether attached or detached, such as light fixtures, window sha
blinds, rods, brackets, awnings, storm windows and doors, window, door and porch screens, permanently installed floor coverings, permanently ins
heating and cooling equipment, garage door openers and transmitters, outside television towers and antennas, fencing, trees, shrubs, plants an
other fixtures shall be considered a part of the real estate included in this sale, except: _____

8. If Purchaser herein fails to fulfill his agreement after the same has been accepted by Seller, Purchaser shall pay Seller, as liquidated damag
sum equal to the amount of the real estate brokerage fee, reasonable attorney's fees, loss of rent, and any additional expenses incurred by S
because of Purchaser's failure to fulfill this agreement and the earnest money herein shall be forfeited to the extent of, or to apply on, such damages.

9. It is further agreed that if Seller fails to fulfill this agreement after acceptance, Seller will pay the real estate brokerage fee in full.

10. Seller shall maintain existing insurance until closing. Purchaser may purchase additional insurance.

11. It is understood that no representations made by the Broker or Salesperson in the negotiation of this sale are being relied upon unless incorp
ad herein in writing. Broker and Salesperson make no representations or warranties either express or implied as to the physical or mechanical con
of the property either real or personal

12. Parties acknowledge that AGENCY disclosures have been made and signed prior to signing of this purchase agreement. The Broke
broker's agents, employees, and associates must respond to all questions of the parties accurately and honestly and must disclose all MATE
DEFECTS about which they have knowledge, but are not required to discover hidden defects in the property or give advice on matters outside the
of their real estate license.

13. If this agreement is not accepted by Seller on or before __upon presentation__, it shall become null and void and the earnest m
made herewith shall be repaid to Purchaser without liability on the part of the Broker or Salesperson to either party.

14. Purchaser grants idea's not grant permission for a credit report.

15. Seller hereby agrees to pay a brokerage fee to the listing broker as per the listing contract __Ruhl & Ruhl Realtors, Inc. is
entitled to seven percent (7%) price to be paid in full at closing.__

_____ - Greater Davenport Board of REALTORS®

PURCHASER __Ruhl Development Company, LLC__               PURCHASER __By:__ _____

Social Security # __Tax ID No. 42-1455900__               Social Security #: __President__

hereby accept the foregoing agreement this __5__               __day of __October__, 19__94__

SELLER __Dr. John A. Browner__               SELLER _____

[Exhibit 42087]



Identified as #42087

## ADDENDUM B

In reference to the purchase agreement covering the real property commonly known as 4508 North Brady Street, Davenport, Iowa, as shown on Exhibit A, dated October 5, 1994 between Dr. John A. and Shirley A. Browner (Seller) and Ruhl Development Company, LLC (Purchaser), the undersigned Parties hereby agree as follows:

1. Seller acknowledges that Purchaser has disclosed he is a licensed real estate broker in the states of Iowa and Illinois.

2. This agreement is expressly conditional to Purchaser securing a commitment from an identified party for a building to be developed on subject property. In the event such commitment is not received on or before sixty (45) days from acceptance of this agreement, Purchaser, at its option, can cancel its obligations of this purchase and this agreement shall become null and void and the earnest money shall be refunded to Purchaser.

3. Seller agrees, upon acceptance of this agreement, to immediately order an abstract continuation for subject property at Seller's expense and deliver continued abstract to Purchaser. Upon Purchaser's receipt of the continued abstract, Purchaser shall order a title opinion at Purchaser's expense from a recognized Iowa attorney. If in the event the title opinion discloses any encumbrances, easements, or other Purchaser objections, Purchaser shall provide written notice to Seller. The Seller shall have thirty (30) days after written receipt of written objections to correct any objections to the title. If such objections cannot be cured by Seller within thirty (30) days, Purchaser may elect to terminate this agreement and the earnest money shall be refunded to Purchaser.

4. The Seller grants to the Purchaser and its agents the right to enter upon the Property at any reasonable time for any lawful purpose, including but not limited to making land surveys, engineering studies, environmental tests, soil tests and any other test, study or inspection at the sole cost and expense of Purchaser in connection with the proposed commercial development of the Property. Such right of entry shall be exercised in a reasonable manner, and the Purchaser hereby agrees to indemnify and hold Seller harmless from all costs, expenses and damages, by reason of such entry. Any existing survey in Seller's possession shall be furnished to Purchaser within ten (10) days of the signing of this agreement.

5. This agreement is expressly conditioned upon zoning, platting and plan approval of the Property for Purchaser's intended use satisfactory to the Purchaser. If subject property is presently not zoned for Purchaser's intended use, Seller shall sign an application to have the Property plan approved and rezoned for retail and office use. Seller shall cooperate with Purchaser in securing any needed rezoning, plan approval or permits, and in processing to completion the application and all documents relating thereto. The application shall be made in the name of Seller and Purchaser or as otherwise required under the applicable governing ordinance or regulation. Purchaser shall select the attorney, land planner, engineer, architect or other representative to prepare and present the zoning plan and building permit application and to present the same at all hearings. All expenses, fees and costs to secure such zoning shall be paid by Purchaser. Both Seller and Purchaser agree that the Purchaser's attorney may represent both parties for such zoning hearings, provided Seller approves Purchaser's selection of attorney.

6. In the event Purchaser finds soil conditions, environmental conditions, vehicular access, availability of utilities, municipal approvals, or any other conditions unsuitable for Purchaser's intended development, Purchaser, at its option, can terminate this agreement on or before closing and the earnest money shall be refunded to Purchaser.

7. See Exhibit B.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned purchase agreement.

PURCHASER:                              SELLER:

RUHL DEVELOPMENT COMPANY, LLC           DR. JOHN A. BROWNER

By: _Charles A. Ruhl_                   By: _Dr. John A. Browner_
    Charles A. Ruhl, Jr., President     Date: _10-10-9..._
Date: _10-6-94_

                                        SHIRLEY A. BROWNER

                                        By: _Shirley A. Browner_
                                        Date: _10-10-94_

## ADDENDUM B

In reference to the purchase agreement covering the real property commonly known as 4508 North Brady Street, Davenport, Iowa, as shown on Exhibit A, dated October 5, 1994 between Dr. John A. and Shirley A. Browner (Seller) and Ruhl Development Company, LLC (Purchaser), the undersigned Parties hereby agree as follows:

1.  Seller acknowledges that Purchaser has disclosed he is a licensed real estate broker in the states of Iowa and Illinois.

2.  This agreement is expressly conditional to Purchaser securing a commitment from an identified party for a building to be developed on subject property. In the event such commitment is not received on or before sixty (45) days from acceptance of this agreement, Purchaser, at its option, can cancel its obligations of this purchase and this agreement shall become null and void and the earnest money shall be refunded to Purchaser.

3.  Seller agrees, upon acceptance of this agreement, to immediately order an abstract continuation for subject property at Seller's expense and deliver continued abstract to Purchaser. Upon Purchaser's receipt of the continued abstract, Purchaser shall order a title opinion at Purchaser's expense from a recognized Iowa attorney. If in the event the title opinion discloses any encumbrances, easements, or other Purchaser objections, Purchaser shall provide written objections to Seller. The Seller shall have thirty (30) days after written receipt of written objections to correct any objections to the title. If such objections cannot be cured by Seller within thirty (30) days, Purchaser may elect to terminate this agreement and the earnest money shall be refunded to Purchaser.

4.  The Seller grants to the Purchaser and its agents the right to enter upon the Property at any reasonable time for any lawful purpose, including but not limited to making land surveys, engineering studies, environmental tests, soil tests and any other test, study or inspection at the sole cost and expense of Purchaser in connection with the proposed commercial development of the Property. Such right of entry shall be exercised in a reasonable manner, and the Purchaser hereby agrees to indemnify and hold Seller harmless from all costs, expenses and damages, by reason of such entry. Any existing survey in Seller's possession shall be furnished to Purchaser within ten (10) days of the signing of this agreement.

5.  This agreement is expressly conditioned upon zoning, platting and plan approval of the Property for Purchaser's intended use satisfactory to the Purchaser. If subject property is presently not zoned for Purchaser's intended use, Seller shall sign an application to have the Property plan approved and rezoned for retail and office use. Seller shall cooperate with Purchaser in securing any needed rezoning, plan approval or permits, and in processing to completion the application and all documents relating thereto. The application shall be made in the name of Seller and Purchaser or as otherwise required under the applicable governing ordinance or regulation. Purchaser shall select the attorney, land planner, engineer, architect or other representative to prepare and present the zoning plan and building permit application and to present the same at all hearings. All expenses, fees and costs to secure such zoning shall be paid by Purchaser. Both Seller and Purchaser agree that the Purchaser's attorney may represent both parties for such zoning hearings, provided Seller approves Purchaser's selection of attorney.

6.  In the event Purchaser finds soil conditions, environmental conditions, vehicular access, availability of utilities, municipal approvals, or any other conditions unsuitable for Purchaser's intended development, Purchaser, at its option, can terminate this agreement on or before closing and the earnest money shall be refunded to Purchaser.

7.  See Exhibit B.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned purchase agreement.

PURCHASER:                                          SELLER:

RUHL DEVELOPMENT COMPANY, LLC                       DR. JOHN A. BROWNER

By: _____                         By: _____
Charles A. Ruhl, Jr., President                      Date: 10-10-91
Date: 10-1-94

                                                    SHIRLEY A. BROWNER

                                                    By: _____
                                                    Date: 10-10-94

**EXHIBIT B**

**WARRANTIES AND COVENANTS**

A.  Seller represents, covenants and warrants that:

    1.  There are, and will be at time of closing, no leases, tenancies, contracts or agreements in effect with respect to the Property.

    2.  To the best of Seller's knowledge and belief, there are no condemnation proceedings pending or contemplated which would affect all or any portion of the Property.

    3.  The Property has never been used to generate, manufacture, refine, transport, treat, produce, store, handle, transfer, process, transport or dispose of "Hazardous Material or Substances" or "Hazardous Waste" or "Substances Hazardous to the Environment" as terms are defined in the U.S.C. Section 9601 et seq., or other applicable state or federal laws or regulations. The Property has never been used as a landfill, dumping ground nor like repository. There are no underground storage tanks on the Property.

    4.  The Property has open and unobstructed legal access through approved curb cuts at grade level over land owned in fee to and from Brady Street for vehicular ingress and egress.

    5.  Seller owns the Property in fee simple absolute and has full power to sell and convey the Property in accordance with the terms and conditions of this Agreement.

    6.  The signatory hereof executes this Agreement as a duly authorized officer of Seller and has all necessary and appropriate authority to enter into and complete this transaction.

B.  Seller hereby covenants to Purchaser, from and after the date hereof, as follows:

    1.  Seller will neither execute any new lease or modify any existing lease without Purchaser's prior written consent.

    2.  Seller will keep the Property fully insured against casualty and public liability.

Purchaser
Seller

CHESTER J. CULVER
IOWA SECRETARY OF STATE



LUCAS BUILDING, FIRST FLOOR
DES MOINES, IOWA 50319

September 16, 2003

Patrick W. Driscoll
Stanley, Lande, & Hunter
900 Firstar Bank Bldg
201 W Second St.
Davenport IA 52801

Dear Mr. Driscoll:

In March 1998, the Secretary of State's Office received a notary complaint against you from Dr. John A. Browner. On February 5, 2001, the Secretary of State's Office proposed an informal settlement agreement. On August 13, 2001 you responded with a counter offer to settle.

Since that time, Dr. Browner has filed a great deal of additional information with the Secretary of State's Office and the State Ombudsman's Office. Upon review of the entire file, the Secretary of State's Office accepts your offer of settlement dated August 13, 2001 conditioned upon you attending a notary course. We currently, have a courses scheduled for your area in October. I have enclosed a copy of the information on the upcoming courses.

Upon completion of notary training this matter shall be resolved.

Thank your for your cooperation on this matter.

Sincerely,

Steven Mandernach,
Director of Business Services

[Exhibit 45]

......... sos.state.ia.us    sos@sos.state.ia.us

Rpt ID  : CPW200          Iowa Court Information System          Page: 1
Rpt Date: 09-JUL-04                   SCOTT
Rpt Time: 04:08 PM        Clerk of Court - CARLIN, ACTING, JULIE C
Rpt Beg : 21-JUL-97            Combined General Docket
Rpt End : 09-JUL-04


------------------------------- Case Name -------------------------------
     Case 07-82-1- -LN-LN010635
     Title BROWNER, JOHN VS RUHL, CHARLES ET AL

------------------------------- Case Header -----------------------------
Sub-Type Mechanic's              Nature
Initiated 21-JUL-97 Milestone DISPOSED              Mil Dt 24-JUL-97
Judge Tp                       Jud Dt      Agency Pin
Agency Name

------------------------------- Case Closing ----------------------------
Disposition CLOSED                              Disp Dt 21-JUL-97
Reopened Dt                    Microfilm Reference
Judge Tp UNKNOWN               Judge Pin CLERKHAND
Judge Name  HANDLED BY CLERK


------------------------------- Case Long Title -------------------------
In the District Court of Iowa, In and For SCOTT County
          JOHN A. BROWNER                            )
                                                     )
                                                     )
                                                     )
                                                     )
                                          Plaintiff(s)

                         vs.
                                                     )
          CHARLES RUHL                               )
          KAIZEN COMPANY OF AMERICA                  )
          CAVITY                                     )
                                                     )
                                          Defendant(s)

------------------------------- Litigants -------------------------------
Role                   Name
PROPERTY CO-OWNER      RUHL, KAIZEN, CAVITY
Litigant Pin SC1088023

PLAINTIFF              BROWNER, JOHN ANTHONY
Litigant Pin SC1212019

DEFENDANT              RUHL JR, CHARLES
Litigant Pin SC1038073

DEFENDANT              CAVITY COMPANY LC
Litigant Pin SC1083885

DEFENDANT              KAIZEN COMPANY OF AMERICA LC
Litigant Pin SC1083886

```
Rpt ID  : CPW200         Iowa Court Information System      Page: 2
Rpt Date: 09-JUL-04                 SCOTT
Rpt Time: 04:08 PM      Clerk of Court - CARLIN, ACTING, JULIE C
Rpt Beg : 21-JUL-97          Combined General Docket
Rpt End : 09-JUL-04
```

------------------------------ Case Name ------------------------------

     Case 07-82-1- -LN-LN010635
   Title BROWNER, JOHN VS RUHL, CHARLES ET AL

------------------------------ Papers Filed ------------------------------

 Filed Date / Time   Seq  Event  Reference   St


21-JUL-97 10:40 AM    1  MLNF              C
Description MECHANICS LIEN FILING

24-JUL-97 08:00 AM    1  OTOT              C
Description OTHER EVENT
 Comment(s) NOTICE OF MECHANIC'S LIEN SENT TO
            LANE & WATERMAN FOR KAIZEN & CAVITY
            CHARLES RUHL MAILED

24-JUL-97 10:45 AM    0  NONO              C
Description COMPUTER GENERATED NOTICE
 Comment(s) NOTICE OF MECHANIC'S LIEN (CIVIL)

------------------------------ Judgment/Lien Detail ------------------------------


 Date     Time    Sq            St Date  St Judgment Status
 07/21/97  10:40 AM 1            07/24/97 N  NONE
 Seq # 1601                            Index Status A Date 24/07/97
 Town DAVENPORT          Addition FOUR SIX STREET 2ND ADDITION
  Lot 5    Outlot    Block                       County Cd 82
  Text                                           Case Cd M
--------------------------------------------------------------------------
 Seq # 1602                            Index Status A Date 24/07/97
 Town DAVENPORT          Addition FOUR SIX STREET SECOND ADDITION
  Lot 6    Outlot    Block                       County Cd 82
  Text                                           Case Cd M
--------------------------------------------------------------------------
```

```
Rpt ID  : FM8070              Iowa Court Information System            Page: 3
Rpt Date: 09-JUL-04                      SCOTT
Rpt Time: 04:08 PM           Clerk of Court - JULIE C CARLIN, ACTING
Rpt Beg : 21-JUL-97            Case Financial Management
Rpt End : 09-JUL-04              Financial Summary


Case ID  : 07-82-1- -LN-LN010635   Title: BROWNER, JOHN VS RUHL, CHARLES ET AL
Obligor PIN:                          Name :
Obligee PIN:                          Name :
Payor PIN  :                          Name :
Payee PIN  :                          Name :
```

| | | | | Owed Amount | Paid Amount | Due Amount |
|---|---|---|---|---|---|---|
| Filed Dt | Filed Tm | Sq | F-Cd C Description | | | |
| 21-JUL-97 | 10:40 AM | 1 | CA00 C LIENS, ENTERING/ENDORSEM | $10.00 | $10.00 | $.00 |
| 21-JUL-97 | 08:00 AM | 1 | MC00 M       JUDGEMENTS: | $210,000.00 | $.00 | $210,000.00 |

Financial Totals

| Description | Owed Amount | Paid Amount | Due Amount |
|---|---|---|---|
| Court Costs | $10.00 | $10.00 | $.00 |
| All Other | $210,000.00 | $.00 | $210,000.00 |
| ** Grand Totals | $210,010.00 | $10.00 | $210,000.00 |

```
07821  LNLN010635                                                              Page: 4
Rpt ID : FM8080                    Iowa Court Information Systems
Rpt Date: 09-JUL-04                          SCOTT
Rpt Time: 04:08 PM           Clerk of Court - CARLIN, ACTING, JULIE C
Rpt Beg: 21-JUL-97               Case Financial Management
Rpt End:  09-JUL-04                    Financial Detail
```

Case Id   : 07-82-1-  -LN-LN010635  Title: BROWNER, JOHN VS RUHL, CHARLES ET AL

Receipt Nbr: 476836

| Fin | | | | Receipt | | | Amount | | | | Disbursement | | Amount |
|-----|---|---|---|---------|---|---|--------|---|---|---|--------------|---|--------|
| AR-F C Fin Cd Desc | Date | No | Oblgr PIN | Oblgr Name | | | | Date | No | Oblge PIN | Oblge Name | | |
| AP-F C Fin Cd Desc | F-T | T-C | Batch | Payor PIN | Payor Name | | | | F-T | T-C | Batch | Payee PIN Payee Name | |
| CA01 C LIENS, ENTERING/E | 24-JUL-97 | 476836 | SC1212019 | BROWNER,JO | | | $10.00 | 01-AUG-97 | | 2105 | STATEIOWA STATE OF I | | $10.00 |
| CA02 C LIENS, ENTERING/E CHK | | STD | RECCV | SC1212019 | BROWNER,JO | | | CHK | STD | RECCV | STATEIOWA STATE OF I | | |
| | | | | | | | | | | | | | $10.00 |
| | ** Receipt Totals | | | | | | $10.00 | | | | | | |
| | | | | | | | | | | | | | $10.00 |
| ** Grand Total | | | | | | | $10.00 | | | | | | |